Green, Judge,
delivered the opinion of the court:
This case is similar to the case of Lamar, Trustee, v. United States, this day decided by the court, in that the matter in controversy is whether the plaintiff has any right to bring the action. But the facts in the instant case as stipulated by the parties show, we think, that plaintiff has a right to maintain the action and to recover herein. Like the Lamar case, supra, this suit is begun under the provisions of a resolution passed by the Senate March 3, 1923, referring a large number of claims to this court. These claims are commonly known as the cotton linter cases. Among the claims listed in the resolution referred to was that of the Leesville Oil Mill. The resolution does not contain the name of the Leesville Cotton Seed Oil Mill Company but this action was instituted December 7, 1923, by the filing of a petition under that name as plaintiff.
A contract was entered into with the defendant under the name of Leesville Oil Mill to manufacture and sell linters to the defendant, and under this contract the defendant became indebted to the Leesville Oil Mill in the sum of $13,263.65.
February 17, 1940, W. G. Duncan was duly appointed receiver of the Leesville Cotton Seed Oil Mill Company and the order of the court appointing the receiver stated that Leesville Cotton Seed Oil Mill Company is one and the same corporation, or company, as the Leesville Oil Mill. A motion was filed by the plaintiff in the Court of Claims to substitute the said W. G. Duncan as plaintiff herein and this *123 motion ivas allowed. The defense is that this receiver, who derives his rights from the Leesville Cotton Seed Oil Mill Company is not entitled to maintain action for the reason that the contract was not made in the name of the last named company and that it is not mentioned in the Senate Resolution.
We think this defense cannot be sustained. The Leesville Cotton Seed Oil Mill Company and the Leesville Oil Mill are shown by the order appointing the receiver to have been one and the same company and the proper corporate name was Leesville Cotton Seed Oil Mill Company. From the evidence we have found that there was no such corporation as the Leesville Oil Mill, and that in listing the claim of the Leesville Oil Mill the Senate Resolution intended to refer to the claim actually held by the Leesville Cotton Seed Oil Mill Company, which has, passed to W. G. Duncan, Receiver. Leesville Oil Mill was only a name under which the corporation Leesville Cotton Seed Oil Mill Company transacted business.
It follows from what we have said above that the plaintiff is entitled to recover $18,263.65 and judgment will be rendered accordingly.
It is so ordered.
Littleton, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case.